The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 24 2024

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-31693 |
| | ) | |
| Krista Lynn Harris, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge John P. Gustafson |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER DISMISSING CASE WITH SANCTIONS PURSUANT TO COURT'S ORDER TO SHOW CAUSE

This cause comes before the court on the court's Order to Show Cause Why Case Should Not Be Dismissed Under Section 109(g) With a Two-Year Bar To Refiling Any Bankruptcy Case ("Show Case Order"). [Doc. #16].

The Show Cause Order in this second Chapter 13 case reflected the following facts:

This is Debtor's second bankruptcy filing within three months. Debtor's prior case, 24-31083, filed on June 11, 2024, was dismissed for failure to file a creditor matrix and for lack of eligibility to be a debtor pursuant to 11 U.S.C. Section 109(h)(1). *See*, [No. 24-31083, Doc. #13].

In the previous Chapter 13 case, 24-31083, Debtor filed a "skeleton" Petition. [24-31083, Doc. #1]. On June 13, 2024, an Order was entered scheduling a hearing [Case No. 24-31083, Doc. #7] to determine Debtor's compliance with the credit counseling requirements. *See*, 11 U.S.C. Section 109(h). Debtor had checked the box indicating that she had asked for credit counseling services from an approved agency, and was unable to obtain the services, and that "exigent circumstances" merited a 30-day temporary waiver of the requirement. The court's Order required the Debtor appear, and gave the Debtor the option of appearing in person or by telephone. [Doc. #7, p. 2].

In addition, an Order to Show Cause, with the same hearing date of June 20, 2024, was entered [Case No. 24-31083, Doc. #6] because the Debtor had failed to file a creditor matrix, which is required to be filed with the Petition in a voluntary bankruptcy case. *See*, Federal Rule of Bankruptcy Procedure 1007(a)(1). There was no response to either of the court's Orders in Debtor's first Chapter 13 case and Debtor failed to appear (either in person or telephonically) for the Hearings. Accordingly, the first Chapter 13 case was dismissed without prejudice, and Debtor's Application to Pay the Filing Fee in Installments was denied. [Case No. 24-31083, Docs. ##11, 12 & 13].

In the present case, Debtor again filed a "skeleton" Petition, without Schedules or the Statement of Financial Affairs. In this second case, she did file a creditor matrix, listing four creditors, including "U.S. Bank Trust National Association as Trustee for BKPL-EG Series N Trust." [Case No. 24-31693, Doc. #1, p. 10]. However, the Debtor did not receive the credit counseling "briefing" required by 11 U.S.C. Section 109(h). Section 109(h)(1) states that "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing the petition by such individual, received from an approved nonprofit

2

budget and credit counseling agency . . . [a] briefing . . . ."

Instead, in this second case, Debtor checked the box indicating that she was not required to receive the briefing because of incapacity. [Case No. 24-31693, Doc. #1, p. 6]. On September 10, 2024, an Order was entered setting the credit counseling issue for Hearing on September 24, 2024 at 3:00 p.m. [Case No. 24-31693, Doc. #6]. Debtor had the option of appearing in person or by telephone. [*Id.*, p. 2]. A Hearing was held on the credit counseling issue, but Debtor did not appear, either in person, or by telephone. [Doc. #12].

On September 25, 2024, the court entered the Order to Show Cause regarding dismissal of the case with a potential two year bar to refiling. [Doc. #16]. The Order to Show Cause reflected:

> The filing was missing **Schedules A/B- J, Statement of Financial Affairs, Means Test Form, Summary of Assets and Liabilities, Declaration Concerning Debtor Schedules, Employee Income Records and a Chapter 13 Plan**, all of which were thus required to be filed within the (14) days of the above filing date pursuant to Bankruptcy Rules 1007(c) and 3015(b). The deadline has passed without any of the required documents having been filed with the court.
>
> This is Debtor's second bankruptcy filing within three months. Debtor's prior case, 24-31083, filed on June 11, 2024, was dismissed for failure to file a creditor matrix and for lack of eligibility to be a debtor pursuant to 11 U.S.C. Section 109(h)(1). *See*, [No. 24-31083, Doc. #13]. The Court is concerned that Debtor is abusing the bankruptcy process via the filing of bad faith petitions because "a history of multiple filings and dismissals may be construed as bad faith." *In re Cusano*, 431 B.R. 726, 735 (6th Cir. BAP 2010)(citation omitted).

[*Id.*, p. 1].

Debtor was permitted until October 11, 2024 to file the required documents or, in the alternative, to appear and Show Cause why the case should not be dismissed with a two-year bar to refiling. [*Id.*, p. 2].

A Response in support of the court's Order to Show Cause was filed by U.S. Bank Trust National Association, as Trustee of the BKPL-EG Series N Trust ("Creditor").

3

The Debtor did not file the listed documents by October 11, 2024, as required by the court's Order to Show Cause.

At the Hearing, the Debtor appeared in person, and spoke about her situation and the reasons she filed the Chapter 13 bankruptcy.

Debtor believes that she is a victim of an illegal conspiracy to foreclose a mortgage on property she inherited from her father. She asserted that a group of local officials were corrupt, and as a result, would not accept her legal theory as to why the mortgage debt was extinguished, illegal or void.

Central to Debtor's contentions is that Ohio law provides that all mortgages terminate after 21 years. When questioned by the court about the existence and popularity of 30 year mortgages, Debtor asserted that her theory – invalidating thousands of mortgages – was the reason she was being retaliated against, citing police reports she had filed regarding a suspicious gas leak in the property in issue, as well as vandalism of her rental properties. She also asserted that the 15 year mortgage on the property was void because the terms of the loan had been, at some point, altered by an agreement between her father and the mortgage company, and no mortgage modification was recorded after the change in the loan terms.

The court expressed some skepticism regarding the legal theory of mortgages being invalid after 21 years, but allowed Debtor until Friday, October 18, 2024 to file whatever documents she wished the court to consider.

The documents were filed by Debtor, with a request to put them under seal. The court granted the Motion to file the documents under seal. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, considered all of the evidence, and reviewed the entire record of the case.

4

A review of Ohio law, as stated in Ohio Revised Code Section §5301.30 reflects:

> The record of any mortgage which remains unsatisfied or unreleased of record for more than twenty-one years after the date of the mortgage or twenty-one years after the stated maturity date of the principal sum, if a stated date of maturity is provided in the mortgage, whichever is later, secured as shown in the record of such mortgage, does not give notice to or put on inquiry any person dealing with the land described in such mortgage that such mortgage debt remains unpaid or has been extended or renewed. As to subsequent bona fide purchasers, mortgagees, and other persons dealing with such land for value, the lien of such mortgage has expired.

Debtor's misunderstanding of Ohio law starts with the fact that there are two time periods in the statute, one is the general one of 21 years. The other is 21 years AFTER the term of the mortgage (in this case, 15 years, based on a copy of the mortgage filed under seal) has expired. Section 5301.30 states that the LONGER of the two alternatives will apply. Thus, if a mortgage states that it is a 15 year mortgage, the mortgage holder has 21 years AFTER the 15 year term to collect its debt under this provision. There are other problems with Debtor's understanding of this statute – as it only applies as to notice to certain parties, like bona fide purchasers. But the central problem is that Debtor would have the court only read the first of the two alternatives in the statute. However, the plain language of the statute states "whichever is later." *See generally*, 69 Ohio Jur. 3d Mortgages §217 (2024).

The Debtor also asserts that the mortgage needed to be refiled after some modification was made to the loan by the mortgage creditor and her father. The facts underlying this assertion were not clear, and a review of the documents provided by Debtor did not assist the court on this contention.

Notably, both of these issues are state court mortgage foreclosure issues that appear to have been previously determined in the state court foreclosure proceedings, based on a document Debtor included in the documents filed under seal. Under the *Rooker-Feldman* doctrine, this federal

5

24-31693-jpg    Doc 30    FILED 10/24/24    ENTERED 10/24/24 14:20:00    Page 5 of 7

bankruptcy court cannot act as an appellate court for state court decisions that Debtor seeks to overturn. *See e.g.*, *RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380 (6th Cir. 2021).

Construing the Debtor's arguments most favorably to the Debtor, she is essentially arguing that the court should, in equity, allow her case to continue despite the fact that the required bankruptcy documents have not been filed, because of her claim that the mortgage is invalid. While bankruptcy courts were historically referred to as courts of equity, the power of a bankruptcy court is now clearly limited by the plain language of the Bankruptcy Code. *See*, *Law v. Siegel*, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014).

The court's Order to Show Cause specified a sanction of a two year bar to filing in any bankruptcy court. However, the Debtor appeared and at least demonstrated that her beliefs were sincerely held, even though they do not appear to be supported by Ohio law. Accordingly, the court will not impose the full two year prohibition on filing another bankruptcy case.

However, the Debtor's apparently sincere belief that the mortgage is invalid does not mean that her Chapter 13 case was filed for a proper bankruptcy purpose. None of the information that is required to be disclosed within 14 days of filing, was actually disclosed. No Chapter 13 Plan - dealing with creditors and payments to the trustee - was filed in either case. Accordingly, the court finds that the two Chapter 13 cases were not filed for a proper reorganizational purpose, but rather they were filed to simply obtain the benefits of the automatic stay, without compliance with the bankruptcy burdens of financial disclosure. Similarly, seeking a new forum to re-litigate the legitimacy of the mortgage, standing alone without compliance with the requirements of the Bankruptcy Code, is not a proper reorganizational purpose.

The Bankruptcy Code provides limitations on the relief that may be obtained by debtors

who have had more than one case pending within one year. Specifically, if the Debtor were to file a third case on or before June 11, 2025, that would make three bankruptcy cases pending within one year, and the automatic stay (other than the co-debtor stay) would not come into effect without a court order. *See*, 11 U.S.C. §362(c)(4). Because the Debtor could not demonstrate cause for the issuance of a bankruptcy court order imposing the stay, the court will bar the Debtor from filing any bankruptcy case until after June 11, 2025.

The court will further ban the Debtor from filing any bankruptcy case without an attorney representing her, until October 18, 2025. In other words, Debtor will have no ability, or a restricted ability, to file a bankruptcy case for approximately one year.

For all of the reasons set forth above, it is

**ORDERED** that case number 24-31693 is dismissed pursuant to the court's Order to Show Cause.

It is **FURTHER ORDERED** that the Debtor, Krista Lynn Harris, is barred from filing any bankruptcy case until after June 11, 2025.

It is **FURTHER ORDERED** that Debtor, Krista Lynn Harris, is barred from filing any bankruptcy case without an attorney until after October 18, 2025.